

ORIGINAL

FILED

SEP 10 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE VELASQUEZ-AVALOS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent. | Cr. No. 08-0382GT<br>Cv. No. 08-1204GT<br><br>**ORDER** |

On July 3, 2008, Petitioner, Felipe Velasquez-Avalos ("Mr. Velasquez"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Velasquez argues that he is entitled to a two point downward departure based upon his status as a deportable alien. Mr. Velasquez also argues that his sentence violates the law set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) and that his sentence violates the new law as set forth in United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). Finally, Mr. Velasquez argues that his counsel was ineffective. The Court has fully considered this matter, including a review of Velasquz's brief filed, the authorities cited therein and the arguments

presented. For the reasons stated below, Mr. Velasquez's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Velasquez pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Velasquez explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See*, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Velasquez expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Velasquez is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Mr. Velasquez also argues he is entitled to a two level downward departure based on his status as a deportable alien. In essence, Mr. Velasquez argues that because of his status as a deportable alien, he is "ineligible[] for pre-release custody and minimum security confinement." Mr. Velasquez argues that the Court should grant him a two level downward departure because of his status. However, Mr. Velasquez's argument that the Court should depart downward because he is a deportable alien is precluded by statute and current Ninth Circuit case law. By statute, the Court may depart downward only if there are "aggravating or mitigating circumstances . . . not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Specifically, the Ninth Circuit has held that the threat of deportation is <u>not</u> a factor that the district court may consider for sentencing purposes. United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).[1]

Mr. Velasquez also argues that he is entitled to relief under the new case law of United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). In essence,

---

[1] The Ninth Circuit decided, in an unpublished opinion, that the defendant, like Limon, was not entitled to a six month reduction in his sentence under 18 U.S.C. § 3553(b) because as a deportable alien he is not eligible to spend the last six months of his sentence in a half way house pursuant to 18 U.S.C. § 3624(c). *See* United States v. Zepeda-Valles, 87 F.3d 1325 (9th Cir. 1996).

Mr. Velasquez argues that he is entitled to retroactive relief under the new case of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). However, this argument is foreclosed by the recent Ninth Circuit opinion of <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005). In <u>Cruz</u>, the Ninth Circuit specifically held that <u>Booker</u> "is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." <u>United States v. Cruz</u>, 423 F.3d at 1121. Since Mr. Velasquez is collaterally attacking his sentence under <u>Booker</u> and that sentence was final before the publication of <u>Booker</u>, his argument is foreclosed by the <u>Cruz</u> case.

Finally, Mr. Velasquez argues that his counsel was ineffective. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. <u>Strickland v. Washington</u> 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). Mr. Velasquez has made no showing that he would have gone to trial but for the errors of his counsel. In fact, if he had gone to trial, Mr. Velasquez's potential guideline range was 70-87 months. By pleading guilty he received only a 30 month sentence, which was a substantial benefit to him. Accordingly,

**IT IS ORDERED** that Mr. Velasquez's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

Sept 10 2008
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner

3

08CR0832